# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **DARNELL C. BUTCHER,** ) | **CASE NO. 5:20CV541** |
| ) | |
| Petitioner, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | |
| ) | |
| **WARDEN MARK WILLIAMS,** ) | **OPINION AND ORDER** |
| ) | |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J:**

*Pro se* Petitioner Darnell C. Butcher, a federal prisoner, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his criminal conviction in Northern District of Ohio Case No. 5:12-cr-24 ("Criminal Case"). (Doc. No. 1.) The basis for Butcher's petition is that he is actually innocent of his conviction in the Criminal Case under 18 U.S.C. § 922(g). (*Id*. at 6.)

For the reasons that follow, the Petition is dismissed.

## I. BACKGROUND

In the Criminal Case, Butcher was charged with being a felon in possession of a firearm and possession of crack cocaine with intent to distribute. Butcher was convicted by a jury and this Court sentenced him to 240 months of imprisonment. Butcher's convictions and sentence were affirmed on direct appeal. *United States v. Butcher*, No. 13-3156 (6th Cir. Oct. 13, 2013).

In 2014, Petitioner filed a motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255, asserting multiple grounds for relief, including actual innocence. This Court

denied his § 2555 motion and the Sixth Circuit subsequently denied him a certificate of appealability. *United States v. Butcher*, No. 15-3151 (6th Cir. Jan. 1, 2016).

Butcher later filed a petition for habeas relief pursuant to 28 U.S.C. § 2241, NDOH Case No. 5:19-cv-2220 ("Prior § 2241"). In the Prior § 2241, Petitioner challenged his sentence, claiming that his career offender status is invalid based on the Sixth Circuit's decision in *United States v. Montanez*, 442 F.3d 485 (6th Cir. 2006). This Court denied the Prior § 2241, finding that Butcher's sentence enhancement challenge did not satisfy the very limited circumstances permitted by the Sixth Circuit in *Hill v. Masters*, 836 F.3d 590 (6th Cir. 2016) to bring such a claim. *See* Prior § 2241, Doc. No. 4.

In Butcher's second § 2241 petition now before the Court, he claims that he is actually innocent of his conviction in the Criminal Case under 18 U.S.C. § 922(g) based upon the Supreme Court's recent decision in *Rehaif v. United States*, 131 S. Ct. 2191 (2019) because, in the Criminal Case, the government failed to prove that he knew he possessed a firearm and ammunition and that he knew he was prohibited from possessing a firearm and ammunition. *See* Doc. No. 1 at 7.

## II. DISCUSSION

### A. Standard of Review

As with all *pro se* pleadings, a *pro se* petitioner's habeas petition is liberally construed. *See Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). A federal district court must conduct an initial review of habeas corpus petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must summarily dismiss a petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled

to relief." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to § 2241 petitions under Rule 1(b)).

Generally, a habeas petition under § 2241 "is appropriate for claims challenging the execution or manner in which [a] sentence is served," not for claims challenging the validity of a prisoner's conviction or sentence. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Under exceptional circumstances, a prisoner may challenge his conviction or sentence under § 2241 pursuant to § 2255(e)'s "savings clause" if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Allen v. Lamanna*, 13 F. App'x 308, 310 (6th Cir. 2001). But in order to properly invoke § 2255's savings clause, a petitioner must assert that he is "actually innocent" of the underlying offense by showing that after the petitioner's conviction became final, the United States Supreme Court issued a *retroactively applicable* decision. *See Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

### B. Analysis

Butcher relies on the Supreme Court's 2019 decision in *Rehaif* as the basis of his actual innocence claim in the instant petition. But regardless of whether *Rehaif's* holding would establish that Butcher is actually innocent of his conviction under 18 U.S.C. § 922(g), his reliance on *Rehaif* is misplaced because *Rehaif* is not retroactive. Numerous federal district courts within the Sixth Circuit, and circuit courts of appeals outside of the Sixth Circuit, have held that *Rehaif* does not retroactively apply to cases on collateral review. *See United States v. Burley*, No. 4:15 CR 352, 2020 WL 2126682, at *1 (N.D. Ohio May 5, 2020) (collecting cases and citing among authority *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) ("*Rehaif* did not

announce a new rule of constitutional law made retroactive to cases on collateral review."); *In re Sampson*, 954 F.3d 159 (3d Cir. 2020) ("*Rehaif* did not state a rule of constitutional law at all. Rather, it addressed what the statutes enacted by Congress require for a conviction under 18 U.S.C. §§ 922(g) and 924(a)(2)...[I]t did not set forth a new rule of constitutional law as contemplated by § 2255(h).")); *see also Hobgood v. United States*, No. 4:17-CR-15, 2020 WL 2601653, at *2 (E.D. Tenn. May 21, 2020) (some circuit courts and several district courts in the Sixth Circuit have concluded that *Rehaif* is not retroactively applicable on collateral review) (citing *Burley*, 2020 WL 2126682, at *1 (N.D. Ohio May 5, 2020) (collecting cases)); *United States v. Conley*, No. 5:10 CR 00490, 2020 WL 2933560, at *1 (N.D. Ohio June 3, 2020) ("The Sixth Circuit has held that the 'rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.' *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020). Courts throughout this circuit have recognized that *Rehaif* does not apply retroactively to cases on collateral review.") (collecting cases); *Swindle v. United States*, No. 1:17-CR-158, 2020 WL 3167012, at *1 (W.D. Mich. June 15, 2020) ("The problem for Swindle is that *Rehaif* has not been made retroactively applicable to cases on collateral review. In *Rehaif*, the Supreme Court held that 'in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.' 139 S. Ct. at 2200. The Sixth Circuit has recently held that the 'rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.' *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020)."). Therefore, even if *Rehaif's* holding would establish Butcher's actual innocence with

4

respect to his conviction under § 922(g), because *Rehaif* is not applicable retroactively, Butcher's may not rely on *Rehaif* to collaterally attack his conviction pursuant to § 2241.

### III. CONCLUSION

For all of the foregoing reasons, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: September 17, 2020**